Susan Maturo, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*David Gates,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 13, 1982:

This is an appeal, in the form of a Petition for Review from an Order and Adjudication of the Department of Public Welfare (DPW). The Adjudication and Order sustained the action of the Bucks County Assistance Office (CAO) reclassifying Petitioner's level of nursing care from skilled care to intermediate care, and discontinuing her skilled care benefits. Petitioner, Susan Maturo, challenges the propriety of the actions of the CAO with respect to the procedure it followed in reducing her level of nursing care.

Petitioner, Susan Maturo, is a seventy (70) year old woman who, in May, 1980 began receiving skilled nursing care benefits under DPW's Medical Assistance Program. At the time of the filing of the instant appeal, Mrs. Maturo was a nursing home patient residing in MediCenter of America, located in Bristol, Pennsylvania. On June 12, 1980, the CAO received a recommendation from the Facility Utilization Review Committee that the Petitioner's care classification be changed from skilled care to home or foster home care. Shortly thereafter, the County Review Team suggested that Mrs. Maturo be placed in an intermediate care facility.

On June 18, 1980, the CAO sent an Advance Notice reducing Mrs. Maturo's level of care benefits from skilled care to intermediate care, effective June 28, 1980. Subsequently, Petitioner filed an appeal from the CAO's decision, discontinuing her skilled care benefits.

An administrative hearing in this matter was held in August, 1980. The Hearing Examiner denied the appeal, finding that "the CAO acted in accordance with the Departments [sic] regulations in finding the appellant ineligible for skilled care based on the facilitys [sic] U.R. (Utilization Review Committee)." This appeal followed.[1]

In urging this Court to reverse the order of the DPW, Petitioner alleges that the CAO acted improperly and in violation of DPW regulations in effecting a reduction in her level of nursing care. Specifically, Petitioner argues, DPW regulations mandate that the CAO is responsible for participating in a patient's review process relating to discharge planning and alternate care placement.[2] Petitioner asserts that those regulations further dictate that if the CAO agrees that a patient should be placed in an alternate care facility, the CAO is chargeable with initiating such action as is necessary to transfer that patient to such a facility.[3] It is the Petitioner's position that the CAO did not fulfill its obligation with respect to the aforementioned regulations. Thus, Petitioner contends, the hearing examiner erred in upholding CAO's actions as proper and sustaining CAO's decision to discontinue skilled care benefits. We agree.

Under the Medical Assistance Program, the DPW provides payment to participating nursing homes for the care of eligible patients.[4] Payments are provided

---

[1] A patient has the right to appeal a reduction or discontinuance of Public Assistance payments under 55 Pa. Code §3275.1 (a) (i) (A) (B).

[2] See DPW-OMP-MA Manual §9424.51.

[3] See DPW-OMP-MA Manual §9424.5324.

[4] Act of June 13, 1967, P.L. 31, as amended, added by Section 5 of the Act of July 31, 1968, P.L. 904, as amended, 62 P.S. §443.1.

for two different levels of care, skilled[5] and intermediate.[6]

Medical Assistance Regulations specify the procedures to be followed in determining the proper level of a patient's nursing care. Additionally, the regulations set forth the appropriate steps to be taken when it is recommended that a patient be transferred to an alternate care facility.

Under those regulations, each participating nursing home is required to have a Utilization Review Committee for the purpose of evaluating, at regular intervals, the nursing care needs of each medical assistance and medicare patient.[7] It is required that a caseworker from the CAO participate in the nursing facility's utilization review process relating to patient discharge planning and alternate care placement.[8] If the CAO Review Team is in agreement on a recommendation for placement in an alternate care facility, they shall initiate such action as is necessary to transfer the patient.[9]

In the instant case, it is undisputed that the CAO caseworker did not participate in the decision to reduce Petitioner's level of nursing care. Furthermore, no action whatsoever was taken by the CAO to transfer Petitioner to an alternate care facility. Thus, it is readily apparent that the CAO did not act in accordance with Medical Assistance Regulations when it reduced Petitioner's level of nursing care, and recommended that she be placed in home or foster home care. Accordingly, we must reverse the hearing

[5] See DPW-OMP-MA Manual §9424 et seq.

[6] See DPW-OMP-MA Manual §9425 et seq.

[7] 42 CFR§§456.301, 456.331.

[8] See DPW-OMP-MA Manual §9424.51.

[9] DPW-OMP-MA Manual §9424.5324.

examiner's decision and award Petitioner skilled care benefits until the CAO fulfills its responsibility with respect to participating in the evaluation of Petitioner's level of nursing care and initiating such action as is necessary to transfer Petitioner to an alternate care facility.

ORDER

AND Now, the 13th day of January, 1982, the order of the Commonwealth of Pennsylvania, Department of Public Welfare, dated September 9, 1980, reducing Susan Maturo's level of care and discontinuing her skilled care nursing benefits is reversed. It is ordered that Ms. Maturo's skilled care benefits be reinstated until such time as DPW's CAO, in compliance with DPW regulations, initiates such action as is necessary to transfer Ms. Maturo to an alternate care facility.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.